GARRISON, Judge.
The plaintiffs, Lawrence' T. Gettys and Benjamin J. Birdsall, filed this lawsuit on November 28, 1983, against the Louisiana Thoroughbred Breeders Association (hereinafter referred to as LTBA) seeking to have a horse belonging to plaintiffs, named Vernor’s Way, declared an accredited Louisiana-bred thoroughbred. The defendant in this case is the official registrar of accredited thoroughbred horses foaled in the State of Louisiana. Accreditation of Ver-nor’s Way was denied by the defendant which cited as its reason the plaintiffs’ failure to comply with Article X, Section 1, Subsection “B” of the LTBA by-laws which states as follows:
“B. Any mare that has been bred to a thoroughbred stallion standing outside the State of Louisiana, for resulting foal to be eligible, the mare must foal in Louisiana and she must be bred back to a thoroughbred stallion standing in the State of Louisiana and so registered with the Louisiana Thoroughbred Breeders Association.”
The chain of events leading to this lawsuit are as follows: In February of 1982, Miss Vernor, a thoroughbred mare, was bred to a thoroughbred stallion named Diplomat Way in Florida. The plaintiffs in this case purchased this mare while the mare was in foal and they established her domicile in Louisiana. In January of 1983, the foal of that union, Vernor’s Way, was born in Louisiana. Although the foal was conceived in Florida by a Florida stallion, the fact that the foal was born in Louisiana made it conditionally eligible for accreditation as a Louisiana-bred thoroughbred. However, this accreditation was contingent upon compliance with the above-stated provision of the LTBA by-laws known as the “breed back” rule.
In an apparent attempt to fulfill this requirement, the plaintiffs subsequently sent Miss Vernor to North Louisiana to be bred to Lt. Stevens, an accredited Louisiana stallion. Shortly thereafter, plaintiffs were advised that Lt. Stevens was experiencing breeding problems. After Miss Vernor failed to come into foal by Lt. Stevens, plaintiffs sent Miss Vernor to Kentucky where she was bred to a thoroughbred stallion named Full Out. A foal was born of that union. Plaintiffs then sought to have Vernor’s Way, the foal of Miss Vernor and Diplomat Way, accredited as a Louisiana-bred thoroughbred. That requested accreditation was denied by the LTBA.
Plaintiffs then filed this lawsuit seeking a judgment declaring the foal, Vernor’s Way, an accredited Louisiana-bred thoroughbred. The trial judge ordered that this matter be transferred to the Commissioner for the Civil District Court for Orleans Parish. The Commissioner was ordered to conduct a hearing in this matter and to report her findings and opinion to the trial judge in accordance with LSA-R.S. 13:1171(G).
The only dispute in this case involves the two parties’ differing interpretations of the LTBA’s “breed back” rule. At the hearing in this matter, plaintiffs contended that they complied with the LTBA’s rule in that Miss Vernor was “bred back” to Lt. Stevens prior to being bred to the Kentucky stallion, Full Out. However, the LTBA claims that Miss Vernor was only “covered” by rather than “bred” to Lt. Stevens. According to the LTBA, “covered” is defined as the act of intercourse, whereas the term “bred” as used in the “breed back” rule means intercourse resulting in the mare becoming in foal. Plaintiffs argue that the term “bred” can have both of these meanings.
Although plaintiffs’ argument is technically correct, testimony at the hearing and a reading of this by-law provision indicates that the context in which the term “bred” is used in the “breed back” rule makes clear that in order for the foal of a Louisiana mare and an out of state stallion to be accredited as a Louisiana-bred thoroughbred, the mare must then become in foal after being covered by a thoroughbred stallion accredited by the LTBA before being bred to another out of state stallion. For this reason, the Commissioner found that *1243 the LTBA was justified in denying Louisiana-bred accreditation to Vernor’s Way and recommended that the trial court enter judgment in favor of the defendants. The trial court accepted the Commissioner’s recommendation and entered judgment in the defendant’s favor. This appeal followed.
A review of the record in this case does not support plaintiffs’ argument on appeal that the LTBA acted arbitrarily and capriciously in denying Louisiana-bred accreditation to Vernor’s Way. To the contrary, the overwhelming evidence indicates that the generally accepted interpretation of the LTBA’s “breed back” rule is the interpretation followed by the LTBA in this case. Because Miss Vernor had two consecutive foals by out of state stallions, the “breed back” requirement was not satisfied. Plaintiffs’ claim that the “covering” of Miss Vernor by an accredited Louisiana-bred stallion fulfilled this requirement is unsubstantiated by the record in this case. Therefore, we conclude that the trial judge was not manifestly erroneous in upholding the LTBA’s decision to deny Louisiana-bred accreditation to Vernor’s Way.
The judgment of the trial court is affirmed.
AFFIRMED.